# Exhibit A

NOT ORIGINAL

07/29/2025 05:27:37 PM
COURTHOUSENEWS

**FAYETTE CIRCUIT COURT**
**22nd JUDICIAL CIRCUIT**
**CIVIL DIVISION** ___

**CASE NUMBER 25-CI-_____**

**KEVIN M. EAGEN II**                                                                      **PLAINTIFF**

**V.**                                      **VERIFIED COMPLAINT**

**CORE SPECIALTY INSURANCE HOLDINGS, INC.**

    Serve:    **Core Specialty Insurance Holdings, Inc.**
               **c/o  The Corporation Trust Company**
               **The Corporation Trust Center**
               **1209 Orange Street**
               **Wilmington, Delaware  19801**

**and**

**CORE SPECIALTY INSURANCE SERVICES, INC.**

    Serve:    **Core Specialty Insurance Services, Inc.**
               **c/o CT Corporation System**
               **306 W. Main St., Ste 512**
               **Frankfort, Kentucky  40601**

**and**

**WILLIAM VENS**

    Serve:    **William Vens**
               **5875 Sentinel Ridge Lane**
               **Cincinnati, Ohio  45243**

**and**

**JOSEPH E. CONSOLINO**

    Serve:    **Joseph E. Consolino**
               **8860 Old Indian Hill Rd**
               **Cincinnati, Ohio  45243**

**and**

Filed                25-CI-03135 07/28/2025              Vincent Riggs, Fayette Circuit Clerk

NOT ORIGINAL
DOCUMENT
07/29/2025 05:27:37 PM
COURTHOUSENEWS

**DON LARSON**                                                              **DEFENDANTS**

　　　　Serve:　　**Don Larson**
　　　　　　　　　**203 Hilltop Lane**
　　　　　　　　　**Cincinnati, Ohio  45215-4121**

* * * * * * *

The Plaintiff, Kevin M. Eagen II ("Eagen"), through counsel, and for his Verified Complaint ("Complaint") against the Defendants, Core Specialty Insurance Holdings, Inc. ("Core Holdings"), Core Specialty Insurance Services, Inc. ("Core Services"), William Vens ("Vens"), Joseph E. "Jeff" Consolino ("Consolino"), and Don Larson ("Larson"), for workplace sexual harassment, retaliation, unlawful employment practices, intentional infliction of emotional distress, negligent retention, and related relief, respectfully states as follows:

<u>THE PARTIES</u>

1.　　　The Plaintiff, Kevin M. Eagen II, is an adult individual residing in Lexington, Kentucky. Eagen is the President of the Equine Division of Core Specialty Insurance Holdings and its subsidiaries. Eagen works primarily in the Lexington office of Core Specialty located at 100 W. Main St., Suite 250, Lexington, Kentucky 40507. Eagen also performs his job duties at other locations, including required presentations and regular interactions with the Executive Committee at the corporate headquarters of Core Holdings in Cincinnati, Ohio.

2.　　　The Defendant Core Specialty Insurance Holdings, Inc. is a company incorporated in Delaware with its principal office located at 201 E. Fifth Street, Suite 1200, Cincinnati, Ohio 45202. On information and belief, Core Holdings is the parent company of or otherwise affiliated with Core Specialty Insurance Services, Inc. Core Holding's registered agent for service of process is The Corporation Trust Company, The Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

Presiding Judge: HON. JULIE M. GOODMAN (622397)

COM : 000002 of 000018

Filed   25-CI-03135 07/28/2025   Vincent Riggs, Fayette Circuit Clerk

NOT ORIGINAL
DOCUMENT
07/29/2025 05:27:37 PM
COURTHOUSENEWS

3.      The Defendant Core Specialty Insurance Services, Inc. is a company incorporated in New Jersey with its principal office located at 201 E. Fifth Street, Suite 1200, Cincinnati, Ohio 45202. On information and belief, Core Services is a subsidiary of or otherwise affiliated with Core Specialty Insurance Holdings, Inc. Core Services' registered agent for service of process in Kentucky is CT Corporation System, 306 W. Main St., Ste 512, Frankfort, KY 40601. Core Holdings and Core Services are hereafter referred to collectively as "Core".

4.      The Defendant William Vens is an adult individual who resides in Cincinnati, Ohio and was until June 13, 2025 employed by Core Specialty Insurance Services, Inc. and Core Specialty Insurance Holdings, Inc. Vens was the EVP and CFO of Core Specialty Insurance Holdings, Inc.

5.      The Defendant Jeff Consolino is an adult individual who resides in Cincinnati, Ohio and is employed by Core Specialty Insurance Services, Inc. and Core Specialty Insurance Holdings, Inc. On information and belief, Consolino is Core's Founder, President, and CEO.

6.      The Defendant Don Larson is an adult individual who resides in Cincinnati, Ohio and is employed by Core Specialty Insurance Services, Inc. and Core Specialty Insurance Holdings, Inc. On information and belief, Larson is the Vice Chairman of Core's Board of Directors.

## JURISDICTION AND VENUE

7.      Jurisdiction in this Court is proper because Core does business in Fayette County, Kentucky, is registered to do business in the Commonwealth of Kentucky, and can be served in the Commonwealth of Kentucky, and because the amount in controversy exceeds the jurisdictional minimums of this Court.

8.      Venue in this Court is proper because the Defendant Core does business in Fayette County, Kentucky, the Plaintiff resides in Fayette County, Kentucky, portions of the events giving

Presiding Judge: HON. JULIE M. GOODMAN (622397)

COM : 000003 of 000018

Filed                    25-CI-03135 07/28/2025                    Vincent Riggs, Fayette Circuit Clerk

NOT ORIGINAL
DOCUMENT
07/29/2025 05:27:37 PM
COURTHOUSENEWS

rise to this Complaint occurred in Fayette County, Kentucky, and because the Plaintiff has suffered damages as a result of the conduct of the Defendants in Fayette County, Kentucky.

## ALLEGATIONS COMMON TO ALL COUNTS

### I.    Eagen's History At Core

9.    In March of 2021, Eagen presented Jeff Consolino and Don Larson the opportunity for Core Specialty Holdings (Parent), then Starstone US Intermediaries Inc, to enter into the Equine Mortality and Equine Farm Property Insurance line of business. He was hired as President to launch the Equine Division in August of 2021.

10.    Eagen's most recent position at Core is serving as its Equine Division President. His duties and responsibilities at Core currently include leadership of the equine division's business operations, P/L, underwriting and claims handing teams, succession planning and talent assessment, annual financial planning, pricing, reinsurance, marketing.

11.    Eagen is qualified to perform the functions for which he is employed at Core, and in fact has always received perfect or near perfect reviews. His department has consistently performed well, exceeding expectations in three of the four recent years.

12.    Core personnel have long been aware that Eagen is gay. Jeff Consolino, Don Larson, Cathryn Warner, Susanne Fiederowicz, and William Vens all met Eagen's partner, Adam Wheeler, at corporate functions as early as April 2022. Adam Wheeler is also listed as Eagen's "domestic partner" for purposes of benefits provided by Core.

### II.    Core's Direct Harassment Of Eagen

13.    Eagen was angrily confronted, intimated, and threatened by Vens following a meeting which took place in Core Specialty's corporate headquarters in Cincinnati on February 13, 2025. Vens on information and belief was then the Executive Vice President and Chief

Presiding Judge: HON. JULIE M. GOODMAN (622397)

COM : 000004 of 000018

Filed    25-CI-03135 07/28/2025    Vincent Riggs, Fayette Circuit Clerk

NOT ORIGINAL
DOCUMENT
07/29/2025 05:27:37 PM
COURTHOUSENEWS

Financial Officer of Core, as well as a member of its Executive Committee, in addition to holding other positions in related entities and reported directly to Jeff Consolino, CEO.

14.     Eagen had brought out discrepancies in the 2024 Y/E financial reporting concerning his equine insurance division' performance at the meeting. Eagen's comments contradicted and reflected poorly on the work of Vens and his department.

15.     Immediately after leaving the meeting, Eagen passed the office of Vens. Vens then gestured to Eagen and told him to come into Vens's office. Vens was noticeably enraged. His face was red and one hand, trembling, was crushing a soda can. His other hand, after setting down his cell phone, was clenched in a fist.

16.     Through gritted teeth and in a low voice, Vens questioned Eagen as to why he had not first discussed the reporting issue in private and accused Eagen of attacking Ven's team in public. Vens then accused Eagen of not knowing what he was talking about as to the company financials.

17.     Vens leaned on his desk, on which was a baseball bat. Vens on occasion would walk through the Core Cincinnati offices carrying the bat, intimidating Core employees. On the occasion of the aforementioned meeting in Vens's office, Eagen felt threatened by Vens and physically reacted to the fear Vens instilled in him.

18.     Vens gestured at Eagen with his fist, looking around to make sure no one else could hear him. Vens said that others in the meeting liked Eagen and so Vens had not confronted him in the meeting, but, "[y]ou should have been humiliated in that room!" Vens then said to Eagen, "It's going to be very hard for me to like you any longer, especially when I'm reviewing your incurred results, five years, or any results going forward."

19.     Eagen interpreted Vens's remarks and demeanor to mean that Vens would harm Eagen professionally, personally, and financially. Vens's position and authority permits him to

Presiding Judge: HON. JULIE M. GOODMAN (622397)

COM : 000005 of 000018

Filed    25-CI-03135 07/28/2025    Vincent Riggs, Fayette Circuit Clerk

Filed          25-CI-03135 07/28/2025          Vincent Riggs, Fayette Circuit Clerk

NOT ORIGINAL
DOCUMENT
07/29/2025 05:27:37 PM
COURTHOUSENEWS

harm Eagen by altering or framing his analysis of Eagen's department to artificially reflect poorly on Eagen and his department.

### III.    Eagen's Complaints Regarding Vens

20.    Eagen, afraid and threatened, immediately left Vens's office and the building, and drove toward Lexington. On the way, he stopped and called Core's Deputy General Counsel and then Core's Chief Operating Officer and reported the altercation with Vens. Later that evening, Eagen spoke by phone with Corinne Costel, Vice President for Human Resources at Core. Eagen reported to all of them what had happened with Vens, and they all indicated to Eagen that they understood the seriousness of the situation. At least two female officers of Core have disclosed to Eagen that they have had similar intimidating encounters and fear Vens.

21.    The next day, February 14, 2025, Eagen wrote an email to Consolino, to complain about the treatment he received from Vens and to avoid a formal whistleblower complaint out of respect for Consolino, Larson and the company. Eagen again defended the performance of his department and stated that he felt Vens would retaliate against Eagen's department in future accounting evaluations.

22.    In his discussions with the head of human resources, Core's EVP and General Counsel Robert Kuzloski, Chief Operating Officer Cathryn Warner and Consolino, Eagen made it clear that he was not able to work with someone who threatened and intimidated him, especially considering the power of Vens to manipulate financial and accounting records and reports in an inappropriate manner that would inure to the detriment of the revenue of Eagen's department and the compensation of Eagen and his department's other members.

23.    Eagen felt, and reported to Core, that he could not work in the same location as Vens because of Vens's threatening, intimidating and harassing behavior. Eagen's job duties were substantially impacted by Vens's wrongful conduct. Eagen also felt, and reported to Core, that it

Presiding Judge: HON. JULIE M. GOODMAN (622397)

COM : 000006 of 000018

Filed          25-CI-03135 07/28/2025          Vincent Riggs, Fayette Circuit Clerk

Filed

25-CI-03135 07/28/2025

Vincent Riggs, Fayette Circuit Clerk

NOT ORIGINAL
DOCUMENT
07/29/2025 05:27:37 PM
COURTHOUSENEWS

would be inappropriate for Vens to have any influence, let alone control, over the reporting of the financial affairs of Eagen's department or the compensation of personnel in that department.

24. Consolino and Kuzloski, with whom Eagen spoke about the Vens altercation, both initially stated they took Eagen's complaint very seriously and that it would be investigated and would lead to appropriate disciplinary action, up to and including dismissal, which appeared to be warranted. Kuzloski even jokingly made reference to the fact that "Vens does have a baseball bat."

25. Despite those assurances, Consolino later told Eagen on February 27 that no disciplinary action and/or dismissal would be taken against Vens and no investigation was done. Kuzloski explained during a conversation with Eagen that Vens is an investor in the parent company and Core did not want the incident to become public knowledge while Core is in the process of an Initial Public Offering ("IPO"). An audit by Ernst & Young ("EY") was ongoing with a compliant opinion due in six to seven weeks, with a plan to file a registration with the SEC on or before July 1, all with an eye toward an IPO in October. Removing the CFO could lead to a non-compliant opinion from EY, derailing the IPO. The reporting that an officer in Core was accused of sexual harassment and other wrongdoing may be material to the public offering and may adversely affect the value of the company and its stock.

26. As a consequence of the imminent public offering, the EY Audit, the need to obtain a compliant audit opinion from EY, and Core's desire to conceal material information from investors and regulators, Core did nothing to remedy Ven's actions. For four months after Eagen's complaints, Vens was not removed from his position, publicly reprimanded, terminated, or even removed from any position of authority with regard to Eagen's department.

27. Core knew of the sexual harassment and intimidation of Eagen by Vens and knew or should have known of Vens sexual harassment and intimidation of women in Core, but failed to implement prompt and appropriate corrective action. Core's response manifested indifference or

Presiding Judge: HON. JULIE M. GOODMAN (622397)

COM : 000007 of 000018

NOT ORIGINAL
DOCUMENT
07/29/2025 05:27:37 PM
COURTHOUSENEWS

unreasonableness in light of the fact Core knew or should have known of Vens's conduct toward Eagen and others.

## IV.      Core's Retaliation Against Eagen

28.      Instead of taking effective remedial measures, Kuzloski and Larson requested that Eagen delay taking any further steps regarding Vens until after the initial public offering occurs. Core took no actions to preclude future inappropriate conduct by Vens.

29.      Instead of reprimanding Vens, Larson suggested that Eagen take a paid six week sabbatical until after the upcoming May 28, 2025 Board meeting, "then we all move on from there." Even though Eagen rebutted the suggestion that he take a leave from work, he was not able to work in the same Cincinnati office of Core where Vens works, because of the fear and intimidation Vens instilled in Eagen.

30.      Kuzloski and Larson gave Eagen their word that an amicable separation agreement between him and the company would be discussed at the May 28 Board meeting and with the Compensation Committee, but nothing ever came of those assurances (likely because the EY Compliance Audit Opinion was delayed). In private, however, Larson referred to Consolino as "weird" and admitted that the Executive Committee of the company was "inept" and "all on probation."

31.      In subsequent days, Core personnel, including Consolino, held meetings relating to the Equine department headed by Eagen, but without asking Eagen or any other member of the department to attend or have any input.

32.      Consolino instructed his direct reports to "invite themselves" to offsite work events Eagen would be attending and monitor his work electronically. One officer of the company told Eagen via text in March 2025 "you're on Jeff's (Consolino) mind, if you can't tell."

NOT ORIGINAL
DOCUMENT
07/29/2025 05:27:37 PM
COURTHOUSENEWS

33.     As a direct and proximate result of having complained to Core executives about the conduct of Vens, Core has ostracized and minimalized Eagen, thereby undercutting his authority and reputation in the company, the end result of which will be to substantially interfere with the employment of Eagen by Core or lead to his dismissal.

34.     Finally in June 2025, Core announced internally that Vens had "left the company to pursue opportunities outside of the company." Core extended to Vens its "gratitude and best wishes". When Core finally announced to the general public in July that Vens is no longer with Core, it lavished him with praise.

35.     Core did not terminate Vens for cause, or terminate Vens as a consequence of Vens's actions toward Eagen. On information and belief, Core never even thoroughly investigated Eagen's claims against Vens. Core did not punish or reprimand Vens, and instead punished and ostracized Eagen for bringing Vens's conduct to light. Even after Vens's departure, Consolino continued to speak well of Vens to others in the Company.

## V.     Core's Hostile Work Environment

36.     In addition to harassing Eagen and retaliating against him as referenced above, Core personnel have fostered a hostile work environment for Eagen and other employees of Core. Most notably, Core did nothing about numerous complaints from several Core personnel about the conduct of Vens.

37.     In the summer of 2024, a security consultant was brought in to assess the Core Specialty headquarters, and while in the conference room across from Vens's office he noticed the baseball bat Vens kept on his table and sometimes carried around the office. Per the security consultant: "a baseball bat not in a display case is considered a weapon".

Presiding Judge: HON. JULIE M. GOODMAN (622397)

COM : 000009 of 000018

Filed 25-CI-03135 07/28/2025 Vincent Riggs, Fayette Circuit Clerk

NOT ORIGINAL
DOCUMENT
07/29/2025 05:27:37 PM
COURTHOUSENEWS

38. Cathryn Warner, COO, reported the security consultant's findings to Consolino, stressing "the bat". No action was taken by Consolino and the baseball bat remained viewable in Vens's office until he left the organization.

39. When Eagen reported Vens's February 2025 conduct to Cathryn Warner, she responded that she was not surprised, that there had been other incidents, and that Vens had exhibited similar conduct toward her.

40. Discussing Eagen's claims against Vens in June 2025, Cathryn Warner stated to others in Core that a divisional president (Eagen) was filing a complaint because of Vens and that she had told Consolino that others may join. Warner also said to others at Core that Consolino knew about Eagen's complaints about Vens for months and had done nothing about it.

41. Another officer in Core was also a victim of intimidation and bullying by Vens in 2024. Because of that, she felt fearful, stating to Eagen that Vens knew where she lived and therefore she carried mace with her.

42. Yet another employee of Core stated in 2024 that she did not like Vens because he scared her.

43. Still yet another officer in Core experienced intimidating confrontations with Vens shortly before his departure.

44. Vens was not alone in engaging in inappropriate, harassing conduct toward Core personnel. Consolino also fostered a hostile work environment with regard to Eagen. In January 2025, Consolino asked to try on a blazer Eagen was wearing to see if it fit him, stating Eagen was "so lean."

45. In February 2025, Consolino walked up to Eagen in an office, squeezed Eagen's left bicep, and whispered in Eagen's ear that he wished he had dressed better because Eagen "always looks so good," which made Eagen extremely uncomfortable.

Presiding Judge: HON. JULIE M. GOODMAN (622397)

COM : 000010 of 000018

Filed  25-CI-03135 07/28/2025  Vincent Riggs, Fayette Circuit Clerk

NOT ORIGINAL DOCUMENT

07/29/2025 05:27:37 PM COURTHOUSENEWS

46.     In April 2022 at the grand opening of Core's Lexington office, Consolino stripped down to his underwear to change clothes in Eagen's office with Eagen in the room.

47.     Core exhibited misogyny toward non-male employees. Alison Oliphant was hired to be President of the property line and was told by Consolino she would report directly to him. However, Oliphont was demoted without cause or business justification when she was the only female divisional president within Core, and ultimately left Core because of that discrimination.

48.     One employee of Core stated to Eagen in February 2025 that Consolino told her that women in her position should not make much money.

49.     Cathryn Warner, COO as of May 2025, is being replaced by Adam Neuman, who was recently added to the Executive Committee by Consolino.

50.     Other female employees have left Core in the last three years due to sexism and misogyny. The Company also engaged in favorable treatment of males when compared with female employees.

51.     For example,  Tim H. Delaney, President Commercial Auto, Lancer, Commercial Auto Executive, attempted to resign, but was not allowed to and was thereafter actually given a larger department and greater authority, at the expense of a female executive. Tim H. Delaney, on information and belief, is the nephew of a member of the Core Board of Directors—David P. Delaney, Jr.

52.     Core is known to take a sphere of responsibility and reassign it from a qualified woman to a man of less or no qualification with no business justification.

53.     Core is also known to ignore or not take seriously complaints about sexual harassment and hostile work environments. That failure to take such complaints seriously had a chilling effect on the making of complaints and discouraged Core employees from exercising and protecting their rights.

Presiding Judge: HON. JULIE M. GOODMAN (622397)

COM : 000011 of 000018

Filed  25-CI-03135 07/28/2025  Vincent Riggs, Fayette Circuit Clerk

NOT ORIGINAL

07/29/2025 05:27:37 PM
COURTHOUSENEWS

54.    The actions of the officers, directors, employees, and agents of Core described above were all performed in the course and scope of their employment by or agency for Core, and therefore those actions are imputed to Core for purposes of liability.

## COUNT I

### (Sexual Harassment And Discrimination)

55.    The Plaintiff incorporates here by reference all the foregoing allegations of this Complaint as if fully set forth herein.

56.    Vens harassed, intimidated, threatened, and otherwise caused Eagen substantial harm in the workplace at Core, related at least substantially to Eagen's status as a homosexual, and thereby created a hostile work environment.

57.    Eagen reasonably feels harassed, intimidated, threatened, and otherwise substantially harmed by the conduct of Vens. A reasonable person in the position of Eagen would feel harassed, intimidated, threatened, and otherwise substantially harmed.

58.    The Core workplace is permeated with discriminatory intimidation, ridicule, and insult that is more than episodic—it is continuous and concerted. The Core workplace discriminatory intimidation, ridicule, and insult is sufficiently severe and pervasive to alter the conditions of Eagen's and others' employment and created an abusive working environment.

59.    The conduct of Vens and others at Core was severe and pervasive enough to create an objectively hostile or abusive work environment—an environment that a reasonable person would find hostile or abusive. Eagen subjectively perceives the environment to be abusive, and the conduct has actually altered the conditions of Eagen's employment.

60.    Eagen is a member of a protected class and was subject to unwanted sexual harassment and intimidation based on his status as gay which created a hostile work environment

Presiding Judge: HON. JULIE M. GOODMAN (622397)

COM : 000012 of 000018

Filed

NOT ORIGINAL
DOCUMENT

07/29/2025 05:27:37 PM
COURTHOUSENEWS

for which Vens is liable and for which Vens's employers, both the Core entities, are vicariously liable.

61.     As a direct and proximate result of the aforementioned wrongful actions of Core and Vens, Eagen has suffered, and is entitled to recover in this action, compensatory damages in excess of the jurisdictional limits of this Court.

## COUNT II

### (Retaliation)

62.     The Plaintiff incorporates here by reference all the foregoing allegations of this Complaint as if fully set forth herein.

63.     Eagen made clear and repeated complaints to Core personnel and executives about the wrongful conduct of Vens, but rather than address and remediate that conduct, Core has retaliated against Eagen. Because of Eagen's complaints, Core retaliated by, among other things, asking him to take a leave from his job and undermining his position, power, and authority by holding meetings about Eagen's department outside his presence. This conduct by Core, among other things, constitutes a materially adverse employment action that has a clear causal connection between Eagen's complaints about Vens and the adverse employment action.

64.     As a direct and proximate result of the aforementioned wrongful actions of Core, Eagen has suffered, and is entitled to recover in this action, compensatory damages in excess of the jurisdictional limits of this Court.

## COUNT III

### (Wrongful Employment Practices)

65.     The Plaintiff incorporates here by reference all the foregoing allegations of this Complaint as if fully set forth herein.

Presiding Judge: HON. JULIE M. GOODMAN (622397)

COM : 000013 of 000018

Filed

25-CI-03135 07/28/2025

Vincent Riggs, Fayette Circuit Clerk

NOT ORIGINAL

DOCUMENT

07/29/2025 05:27:37 PM

COURTHOUSENEWS

66.     Core has a written Employee Handbook and a written Anti-Harassment Policy and Complaint Procedure.

67.     Vens's conduct, other Core personnel's conduct, and the response, or lack thereof, of Core to Eagen's complaints regarding that conduct are in violation of the law and of the written policies and procedures in effect at Core.

68.     As a direct and proximate result of the aforementioned wrongful actions of Core, Eagen has suffered, and is entitled to recover in this action, compensatory damages in excess of the jurisdictional limits of this Court.

## COUNT IV

### (Intentional Infliction Of Emotional Distress)

69.     The Plaintiff incorporates here by reference all the foregoing allegations of this Complaint as if fully set forth herein.

70.     Vens's conduct toward Eagen on February 13, 2025 was intentional or reckless. That conduct was outrageous and intolerable in that it offends against generally accepted standards of decency and morality. Vens's conduct directly and proximately caused Eagen to suffer severe emotional distress. That emotional distress has been and continues to be severe enough to affect Eagen mentally and physically, requiring that he seek therapy and medication as a result.

71.     As a direct and proximate result of the aforementioned wrongful actions of Vens, Eagen has suffered, and is entitled to recover in this action, compensatory damages in excess of the jurisdictional limits of this Court.

72.     Because the conduct of Vens described above was malicious and oppressive, Eagen is further entitled to recover in this action punitive damages in excess of the jurisdictional limits of this Court.

Presiding Judge: HON. JULIE M. GOODMAN (622397)

COM : 000014 of 000018

Filed   25-CI-03135 07/28/2025   Vincent Riggs, Fayette Circuit Clerk

NOT ORIGINAL

07/29/2025 05:27:37 PM
COURTHOUSENEWS

## COUNT V

### (Negligent Retention)

73.     The Plaintiff incorporates here by reference all the foregoing allegations of this Complaint as if fully set forth herein.

74.     Core had a duty of reasonable care toward the safety of its employees, including Eagen. Core's duty included the duty not to retain employees that endangered the safety of other employees.

75.     Core became aware or should have been aware of the problems with Vens that indicated his unfitness, but failed to take further action such as investigating, discharge, or reassignment of Vens.

76.     Core breached its duty to Eagen and other employees by negligently retaining Vens.

77.     As a direct and proximate result of Core's negligent retention of Vens, Eagen has suffered, and is entitled to recover in this action, compensatory damages in excess of the jurisdictional limits of this Court.

78.     Because the conduct of Core described above was grossly negligent, Eagen is further entitled to recover in this action punitive damages in excess of the jurisdictional limits of this Court.

WHEREFORE, Plaintiff Kevin M. Eagen II demands judgment in his favor against Defendants Core Specialty Insurance Holdings, Inc., Core Specialty Insurance Services, Inc., William Vens, Jeff Consolino, and Don Larson as follows:

A.     Judgment on Count I in favor of Plaintiff against Defendants Core and Vens in an amount in excess of the Court's jurisdiction minimums;

B.     Judgment on Count II in favor of Plaintiff against Defendants Core, Consolino, and Larson in an amount in excess of the Court's jurisdiction minimums;

Presiding Judge: HON. JULIE M. GOODMAN (622397)

COM : 000015 of 000018

Filed 25-CI-03135 07/28/2025 Vincent Riggs, Fayette Circuit Clerk

NOT ORIGINAL DOCUMENT

07/29/2025 05:27:37 PM

COURTHOUSENEWS

C.     Judgment on Count III in favor of Plaintiff against Defendants Core, Vens, Consolino, and Larson in an amount in excess of the Court's jurisdiction minimums;

D.     Judgment on Count IV in favor of Plaintiff against Defendants Core and Vens in an amount in excess of the Court's jurisdiction minimums;

E.     An award of punitive damages on Count IV in favor of the Plaintiff against Defendants Core and Vens in an amount in excess of the Court's jurisdiction minimums;

F.     Judgment on Count V in favor of Plaintiff against Defendant Core in an amount in excess of the Court's jurisdiction minimums;

G.     An award of punitive damages on Count V in favor of the Plaintiff against Defendant Core in an amount in excess of the Court's jurisdiction minimums;

H.     A trial by jury;

I.     Both pre-judgment and post-judgment interest on all amounts awarded to Plaintiff herein;

J.     Plaintiff's reasonable costs included herein;

K.     Plaintiff's reasonable attorneys' fees; and

L.     Such other and further relief to which Plaintiff may be entitled.

Presiding Judge: HON. JULIE M. GOODMAN (622397)

COM : 000016 of 000018

Filed    25-CI-03135 07/28/2025    Vincent Riggs, Fayette Circuit Clerk

NOT ORIGINAL

07/29/2025 05:27:37 PM
COURTHOUSENEWS

Respectfully submitted,

/s/ Richard A. Getty
RICHARD A. GETTY
        and
C. THOMAS EZZELL

THE GETTY LAW GROUP, PLLC
The Offices at City Center
100 West Main Street, Suite 200
Lexington, Kentucky  40507
Telephone (859) 259-1900
Facsimile (859) 259-1909
rgetty@gettylawgroup.com
tezzell@gettylawgroup.com

COUNSEL FOR PLAINTIFF
KEVIN M. EAGEN II

ctepld0958.4

Presiding Judge: HON. JULIE M. GOODMAN (622397)

COM : 000017 of 000018

NOT ORIGINAL

07/29/2025 05:27:37 PM
COURTHOUSENEWS

## VERIFICATION

I, Kevin M. Eagen II, swear or affirm that the factual allegations in the foregoing Complaint are true and correct to the best of my knowledge and belief.

KEVIN M. EAGEN II

COMMONWEALTH OF KENTUCKY )
                                                      )
COUNTY OF FAYETTE                   )

Subscribed and sworn to before me by Kevin M. Eagen II on this _28TH_ day of July, 2025.

My commission expires _11/12/2026_ .

NOTARY PUBLIC
NOTARY ID _KYNP60588_



| | | |
|---|---|---|
| AOC-E-105  Sum Code: CI | | Case #: **25-CI-03135** |
| Rev. 9-14 | | Court: **CIRCUIT** |
| Commonwealth of Kentucky | | County: **FAYETTE** |
| Court of Justice  *Courts.ky.gov* | | |
| CR 4.02; Cr Official Form 1 | **CIVIL SUMMONS** | |

NOT ORIGINAL DOCUMENT 08/27/2025 03:43:25 PM 89824-2

*Plantiff,* **EAGEN, KEVIN M. II VS. CORE SPECIALTY INSURANCE HOLDINGS, IN**, *Defendant*

TO: **CT CORPORATION**
**THE CORPORATION TRUST CENTER**
**1209 ORANGE STREET**
**WILMINGTON, DE 19801**

Memo: Related party is CORE SPECIALTY INSURANCE HOLDINGS, INC.

The Commonwealth of Kentucky to Defendant:
**CORE SPECIALTY INSURANCE HOLDINGS, INC.**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

Fayette Circuit Clerk
Date: **7/28/2025**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20_____

_____
Served By

_____
Title

Summons ID: @90005848781
CIRCUIT: 25-CI-03135 Long Arm Statute – Secretary of State
EAGEN, KEVIN M. II VS. CORE SPECIALTY INSURANCE HOLDINGS, IN



Page 1 of 1

*Presiding Judge: HON. JULIE M. GOODMAN (622397)*

*CI : 000001 of 000001*

eFiled

| AOC-E-105 | Sum Code: CI | | Case #: **25-CI-03135** |
|---|---|---|---|

Rev. 9-14

NOT ORIGINAL
DOCUMENT
08/27/2025 03:43:19
PM
89824-2

Commonwealth of Kentucky
Court of Justice    *Courts.ky.gov*

Court: **CIRCUIT**
County: **FAYETTE**

CR 4.02; Cr Official Form 1

## CIVIL SUMMONS

*Plantiff,* **EAGEN, KEVIN M. II VS. CORE SPECIALTY INSURANCE HOLDINGS, IN**, *Defendant*

TO: **CT CORPORATION**
**306 WEST MAIN STREET, STE. 512**
**FRANKFORT, KY 40601**

Memo: Related party is CORE SPECIALTY INSURANCE SERVICES, INC.

The Commonwealth of Kentucky to Defendant:
**CORE SPECIALTY INSURANCE SERVICES, INC.**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

Fayette Circuit Clerk
Date: **7/28/2025**

Presiding Judge: HON. JULIE M. GOODMAN (622397)

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20_____

_____
Served By

_____
Title

CI : 000001 of 000001

Summons ID: @90005848780
CIRCUIT: 25-CI-03135 Certified Mail
EAGEN, KEVIN M. II VS. CORE SPECIALTY INSURANCE HOLDINGS, IN



eFiled

NOT ORIGINAL
DOCUMENT
08/27/2025 03:43:15
PM
89824-2

AOC-E-105     Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice     *Courts.ky.gov*

CR 4.02; Cr Official Form 1



**CIVIL SUMMONS**

Case #: **25-CI-03135**
Court: **CIRCUIT**
County: **FAYETTE**

*Plantiff,* **EAGEN, KEVIN M. II VS. CORE SPECIALTY INSURANCE HOLDINGS, IN**, *Defendant*

TO:   **DON LARSON**
      **203 HILLTOP LANE**
      **CINCINNATI, OH 452154121**

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

Fayette Circuit Clerk
Date: **7/28/2025**

Presiding Judge: HON. JULIE M. GOODMAN (622397)

---

**Proof of Service**

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

  To: _____

☐ Not Served because: _____

Date: _____ , 20 _____

_____
Served By

_____
Title

CI : 000001 of 000001

Summons ID: @90005848779
CIRCUIT: 25-CI-03135 Certified Mail
EAGEN, KEVIN M. II VS. CORE SPECIALTY INSURANCE HOLDINGS, IN



eFiled

Filed          25-CI-03135    07/30/2025          Vincent Riggs, Fayette Circuit Clerk

NOT ORIGINAL
DOCUMENT
08/27/2025 03:43:30
PM
89824-2

**FAYETTE CIRCUIT COURT**
**22nd JUDICIAL CIRCUIT**
**DIVISION 4**

**CIVIL ACTION NO. 25-CI-03135**

KEVIN M. EAGEN II                                                              PLAINTIFF

v.                              **ENTRY OF APPEARANCE**

CORE SPECIALTY INSURANCE HOLDINGS, INC. et al.          DEFENDANTS

\* \* \* \* \* \* \*

The undersigned hereby enters his appearance in this proceeding as counsel for the Defendant, Plaintiff, Kevin M. Eagen II, and requests service by electronic means of all papers served or filed herein to the address set forth below.

Respectfully submitted,

/s/ C. Thomas Ezzell
RICHARD A. GETTY
        and
C. THOMAS EZZELL

THE GETTY LAW GROUP, PLLC
The Offices at City Center
100 West Main Street, Suite 200
Lexington, Kentucky  40507
Telephone (859) 259-1900
Facsimile (859) 259-1909
rgetty@gettylawgroup.com
tezzell@gettylawgroup.com

COUNSEL FOR PLAINTIFF
KEVIN M. EAGEN II

ctepld09562

EA : 000001 of 000001



| AOC-E-105    Sum Code: CI | | Case #: **25-CI-03135** |
|---|---|---|
| Rev. 9-14 | | Court: **CIRCUIT** |
| Commonwealth of Kentucky | | County: **FAYETTE** |
| Court of Justice    *Courts.ky.gov* | | |
| CR 4.02; Cr Official Form 1 | **CIVIL SUMMONS** | |

DOCUMENT

PM

NOT ORIGINAL

08/27/2025 03:43:11

89824-2

*Plantiff,* **EAGEN, KEVIN M. II VS. CORE SPECIALTY INSURANCE HOLDINGS, IN**, *Defendant*

TO:  **JOSEPH E. CONSOLINO**

**8860 OLD INDIAN HILL ROAD**

**CINCINNATI, OH 45243**

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

Fayette Circuit Clerk
Date: **7/28/2025**

Presiding Judge: HON. JULIE M. GOODMAN (622397)

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20 _____

_____
Served By

_____
Title

CI : 000001 of 000001

Summons ID: @90005848778
CIRCUIT: 25-CI-03135 Certified Mail
EAGEN, KEVIN M. II VS. CORE SPECIALTY INSURANCE HOLDINGS, IN



Page 1 of 1

eFiled

NOT ORIGINAL

DOCUMENT

08/27/2025 03:43:34 PM

89824-2

**UNITED STATES POSTAL SERVICE**™

Date Produced: 08/04/2025

The following is the delivery information for Certified Mail™/RRE/RD item number 9236 0901 9403 8325 6840 06. Our records indicate that this item was delivered on 08/01/2025 at 11:09 a.m. in CINCINNATI, OH 45243. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :          **5875 SENTINEL RIDGE LN, CINCINNATI, OH 45243**

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

This USPS proof of delivery is linked to the customers mail piece information on file as shown below:

VENS, WILLIAM
5875 SENTINEL RIDGE LANE
CINCINNATI OH 45243

COR : 000001 of 000002

Customer Reference Number:          C6084804.37005366

Filed          25-CI-03135          08/04/2025          Vincent Riggs, Fayette Circuit Clerk

NOT ORIGINAL

08/27/2025 03:43:34

89824-2

DOCUMENT

PM

USPS MAIL PIECE TRACKING NUMBER:  42045243923609019 4038325684006

MAILING DATE:          07/29/2025
DELIVERED DATE:      08/01/2025

Custom 1: DriverId-11187564
Custom 2: PartyId-72613407
Custom 3: SummonsNum-@90005848777
Custom 4: CentralMailId-246515
Custom 5: Source County-FAYETTE

MAIL PIECE DELIVERY INFORMATION:

VENS, WILLIAM
5875 SENTINEL RIDGE LANE
CINCINNATI OH 45243

MAIL PIECE TRACKING EVENTS:

| | | | |
|---|---|---|---|
| 07/29/2025 15:07 | PRE-SHIPMENT INFO SENT  USPS AWAITS ITEM | | FRANKFORT,KY 40601 |
| 07/29/2025 16:24 | SHIPMENT RECEIVED ACCEPTANCE PENDING | | FRANKFORT,KY 40601 |
| 07/31/2025 10:29 | ORIGIN ACCEPTANCE | | FRANKFORT,KY 40601 |
| 07/31/2025 11:44 | PROCESSED THROUGH USPS FACILITY | | CINCINNATI OH DISTRIBUTION CENT 45234 |
| 08/01/2025 11:09 | DELIVERED LEFT WITH INDIVIDUAL | | CINCINNATI,OH 45243 |

COR : 000002 of 000002

Filed   25-CI-03135   08/11/2025   Vincent Riggs, Fayette Circuit Clerk

NOT ORIGINAL
DOCUMENT
03:43:54 PM
08/27/2025
89824-2



| | | |
|---|---|---|
| Michael G. Adams<br>Secretary of State | **Commonwealth of Kentucky**<br>**Office of the Secretary of State** | Summons Division<br>PO BOX 718<br>FRANKFORT, KY 40602-0718<br>Phone: (502) 564-3490<br>Fax: (502) 564-5687 |

Circuit Court Clerk
Fayette County
120 N Limestone St
Lexington, KY 40507

FROM:          SUMMONS DIVISION
               SECRETARY OF STATE

RE:            CASE NO: 25-CI-03135

DEFENDANT:     CT CORPORATION

DATE:          August 11, 2025

USPS Certified Mail ID:   9202992267700103353729

The Office of the Secretary of State was served with a summons and accompanying documents for the captioned defendant on

July 29, 2025

This office served the defendant by sending a copy of the summons and accompanying documents via certified mail, return receipt requested, on

August 5, 2025

We are enclosing the return receipt confirming receipt of summons.

COR : 000001 of 000002

89824-2

**UNITED STATES POSTAL SERVICE**

August 11, 2025

Dear Secretary Of State Commonwelth of Kentucky:

The following is in response to your request for proof of delivery on your item with the tracking number:
**9202 9922 6770 0103 3537 29**.

| Item Details | |
| --- | --- |
| **Status:** | Delivered, Individual Picked Up at Post Office |
| **Status Date / Time:** | August 11, 2025, 7:17 pm |
| **Location:** | WILMINGTON, DE 19801 |
| **Postal Product:** | Priority Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt |
| | Return Receipt Electronic |
| | Up to $100 insurance included |

| Recipient Signature | |
| --- | --- |

| | |
| --- | --- |
| Signature of Recipient: |  |
| Address of Recipient: | |

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004

Filed Case: 3:07-cv-25-CI-03135 08/05/2025 Doc #: 1-2 Filed: 08/27/25 Page: 29 of 33 - Page ID#: 35 Vincent Riggs, Fayette Circuit Clerk

NOT ORIGINAL DOCUMENT

08/27/2025 03:43:43 PM

89824-2

# UNITED STATES POSTAL SERVICE™

Date Produced: 08/05/2025

The following is the delivery information for Certified Mail™/RRE/RD item number 9236 0901 9403 8325 6841 50. Our records indicate that this item was delivered on 08/04/2025 at 08:27 a.m. in FRANKFORT, KY 40601. The scanned image of the recipient information is provided below.

Signature of Recipient :



Address of Recipient :



Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

This USPS proof of delivery is linked to the customers mail piece information on file as shown below:

CT CORPORATION
306 WEST MAIN STREET, STE. 512
FRANKFORT KY 40601

Customer Reference Number:        C6084804.37005368

COR : 000001 of 000002

Filed                25-CI-03135        08/05/2025            Vincent Riggs, Fayette Circuit Clerk

NOT ORIGINAL

08/27/2025 03:43:43

89824-2

USPS MAIL PIECE TRACKING NUMBER:   42040601923609049404038325684150

MAILING DATE:        07/29/2025

DELIVERED DATE:   08/04/2025

Custom 1: DriverId-11187564

Custom 2: PartyId-72613412

Custom 3: SummonsNum-@90005848780

Custom 4: CentralMailId-246518

Custom 5: Source County-FAYETTE


MAIL PIECE DELIVERY INFORMATION:

CT CORPORATION
306 WEST MAIN STREET, STE. 512
FRANKFORT KY 40601


MAIL PIECE TRACKING EVENTS:

| | | |
|---|---|---|
| 07/29/2025 15:07 | PRE-SHIPMENT INFO SENT  USPS AWAITS ITEM | FRANKFORT,KY 40601 |
| 07/29/2025 16:24 | SHIPMENT RECEIVED ACCEPTANCE PENDING | FRANKFORT,KY 40601 |
| 07/31/2025 08:06 | ORIGIN ACCEPTANCE | FRANKFORT,KY 40601 |
| 07/31/2025 09:21 | PROCESSED THROUGH USPS FACILITY | LEXINGTON KY DISTRIBUTION CENTE 40511 |
| 08/01/2025 00:00 | PROCESSED THROUGH USPS FACILITY | LEXINGTON KY DISTRIBUTION CENTE 40511 |
| 08/04/2025 02:27 | ARRIVAL AT UNIT | FRANKFORT,KY 40601 |
| 08/04/2025 06:10 | OUT FOR DELIVERY | FRANKFORT,KY 40601 |
| 08/04/2025 08:27 | DELIVERED INDIVIDUAL PICKED UP AT PO | FRANKFORT,KY 40601 |

COR : 000002 of 000002

Filed    08/04/2025    Vincent Riggs, Fayette Circuit Clerk

DOCUMENT

NOT ORIGINAL
DOCUMENT
08/27/2025 03:43:39 PM

89824-2

**UNITED STATES POSTAL SERVICE**™

Date Produced: 08/04/2025

The following is the delivery information for Certified Mail™/RRE/RD item number 9236 0901 9403 8325 6840 37. Our records indicate that this item was delivered on 08/01/2025 at 03:01 p.m. in CINCINNATI, OH 45243. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :        **8860 OLD INDIAN HILL RD, CINCINNATI, OH 45243**

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

This USPS proof of delivery is linked to the customers mail piece information on file as shown below:

CONSOLINO, JOSEPH E.
8860 OLD INDIAN HILL ROAD
CINCINNATI OH 45243

Customer Reference Number:        C6084804.37005367

COR : 000001 of 000002

DOCUMENT

PM

NOT ORIGINAL

08/27/2025 03:43:39

89824-2

Filed                25-CI-03135        08/04/2025                Vincent Riggs, Fayette Circuit Clerk

USPS MAIL PIECE TRACKING NUMBER:  42045243923609019403832568403?

MAILING DATE:        07/29/2025

DELIVERED DATE:    08/01/2025

Custom 1: DriverId-11187564

Custom 2: PartyId-72613408

Custom 3: SummonsNum-@90005848778

Custom 4: CentralMailId-246516

Custom 5: Source County-FAYETTE


MAIL PIECE DELIVERY INFORMATION:

CONSOLINO, JOSEPH E.
8860 OLD INDIAN HILL ROAD
CINCINNATI OH 45243


MAIL PIECE TRACKING EVENTS:

| | | |
|---|---|---|
| 07/29/2025 15:07 | PRE-SHIPMENT INFO SENT  USPS AWAITS ITEM | FRANKFORT,KY 40601 |
| 07/29/2025 16:24 | SHIPMENT RECEIVED ACCEPTANCE PENDING | FRANKFORT,KY 40601 |
| 07/31/2025 10:30 | ORIGIN ACCEPTANCE | FRANKFORT,KY 40601 |
| 07/31/2025 11:45 | PROCESSED THROUGH USPS FACILITY | CINCINNATI OH DISTRIBUTION CENT 45234 |
| 08/01/2025 15:01 | DELIVERED LEFT WITH INDIVIDUAL | CINCINNATI,OH 45243 |

COR : 000002 of 000002

AOC-E-105        Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice        *Courts.ky.gov*

CR 4.02; Cr Official Form 1

**CIVIL SUMMONS**

Case #: **25-CI-03135**
Court: **CIRCUIT**
County: **FAYETTE**

NOT ORIGINAL
DOCUMENT
08/27/2025 03:43:06
PM
89824-2

*Plantiff,* **EAGEN, KEVIN M. II VS. CORE SPECIALTY INSURANCE HOLDINGS, IN**, *Defendant*

TO:   **WILLIAM VENS**
      **5875 SENTINEL RIDGE LANE**
      **CINCINNATI, OH 45243**

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

Fayette Circuit Clerk
Date: **7/28/2025**

Presiding Judge: HON. JULIE M. GOODMAN (622397)

**Proof of Service**

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

   Date: _____, 20 _____

   _____
   Served By

   _____
   Title

CI : 000001 of 000001

Summons ID: @90005848777
CIRCUIT: 25-CI-03135 Certified Mail
EAGEN, KEVIN M. II VS. CORE SPECIALTY INSURANCE HOLDINGS, IN



Page 1 of 1

eFiled