UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

|  |  |  |
|---|---|---|
| KEVIN M. EAGEN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 25-300-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CORE SPECIALTY INSURANCE HOLDINGS, INC., et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendants Core Specialty Insurance Holdings, Inc., Core Specialty Insurance Services, Inc., William Vens, Joseph Consolino, and Don Larson have moved to stay discovery [Record No. 10] pending the resolution of their motion to dismiss. [Record No. 5] They contend that staying discovery at this juncture will avoid additional expense and time for the parties and Court. They further assert that the plaintiff would suffer no prejudice because of the stay.

However, Plaintiff Kevin Eagen argues that "the requested stay of discovery will only serve to put off the depositions and other discovery that is necessary." [Record No. 14] Specifically, he seeks to gather testimony from current and former employees and insists that a stay would unduly prejudice and "tactically disadvantage" his ability to prosecute his claims.

Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined. *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999). Further, "[i]n ruling upon a motion to stay, the court must weigh the burden of proceeding with discovery against the hardship worked by a denial of discovery."

- 2 -

*Osborn v. Griffin*, 2011 WL 13156649, at *1 (E.D. Ky. Dec. 9, 2011). Here, the Court concludes that the burden on the defendants to proceed with discovery before the Court resolves their motion to dismiss outweighs the plaintiff's stated hardship if not allowed to proceed with discovery at this juncture.

Being sufficiently advised, it is hereby

**ORDERED** that the defendants' motion [Record No. 10] is **GRANTED**. The parties are temporarily relieved of the obligations outlined in the Order for Meeting and Report [Record No. 3] *until* the Court resolves the defendants' motion to dismiss [Record No. 5].

Dated: October 17, 2025.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky